UNITED STATES DISTRICT COURT
DISTRICT OF MASSAHCUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>JOSE MARCILIO CAVAZOS, JR., )<br>   DEFENDANT ) | NO. 04-10289-MLW |

**SENTENCING MEMORANDUM SUBMITTED
ON BEHALF OF JOSE MARCILIO CAVAZOS, JR.**

<u>FACTS</u>:

On August 26, 2004 the Defendant was arrested by members of the Framingham police department while operating a motor vehicle in the Town of Framingham. A co-defendant, Timoteo Rosas Anguilud was arrested at the same time and place. After questioning, the defendant admitted that he and the co-defendant were paid to drive the motor vehicle from Houston, Texas to various states, dropping off passengers who had illegally entered the United States. He was in the process of dropping of the last passenger when he was apprehended.

The defendant intends to enter a plea of guilty to the indictment charging transporting illegal aliens in violation of 18 U.S.C. § 1324 (a) (1) (A) (ii). This court granted the defendant's motion for a pre-plea presentence investigation. The presentence investigation was conducted and a report was initially generated on or about April 6, 2005. Objections to the report were prepared and filed. The revised pre-plea

presentence report was issued on April 29, 2005. A second addendum was added to the report on August 11, 2005.

On August 21, 2005, the defendant through counsel disclosed that certain information contained in the pre-plea presentence report was incorrect as a result of information supplied by the defendant. Specifically, the defendant acknowledged that his true name was Mario Bustos, that his date of birth was 2/11/69 and that he was not a United States citizen, but was in fact a citizen of Mexico who had entered the United States illegally in approximately 1993.

As a result of the disclosures made by the defendant the pre-plea presentence report was revised. The new and correct personal information concerning the defendant was added and the existence of an ICE detainer was noted. The defendant was awarded a two point adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1 (providing materially false information to the probation officer during the presentence interview). The probation officer determined that the defendant was not entitled to a reduction for acceptance of responsibility stating that "… because the defendant obstructed justice by providing materially false information to the Probation Department during the presentence interview, he has not clearly demonstrated responsibility for the offense and, therefore, is not being granted acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1 (a)." PSR at paragraph 20. The defendant objects to the denial of the applicable reduction for acceptance of responsibility.[1] The defendant contends that

---

[1] The defendant believes that the government intends to file a motion, pursuant to the provisions of U.S.S.G. § 3E1.1 (b) to enable the defendant to receive an additional decrease of 1 for acceptance of responsibility.

2

he is eligible for a three point reduction for acceptance of responsibility. Accordingly his total offense level is 14, not 17 as suggested by the PSR. His sentence range is accordingly 18 - 24 months as opposed to 27 – 33 months, assuming no other adjustments are warranted. *See infra.*

ISSUES:

Whether the defendant is entitled to a decrease of three levels for acceptance of responsibility in light of the imposition of an upward adjustment for obstruction of justice.

Whether the defendant is entitled to an adjustment is his total offense calculation pursuant to U.S.S.G. § 3B1.2 (b).

Whether the defendant's criminal history category substantially overrespesents the seriousness of his criminal history or the likelihood that the defendant will commit other crimes.

ARGUMENT:

Acceptance of Responsibility: U.S.S.G. § 3E1.1 (a) and (b):

The defendant does not contest the application and imposition of a two level enhancement for obstruction of justice based upon misrepresentations to the probation officer. U.S.S.G. § 3C1.1, application note 4 (h). However, the defendant contends that notwithstanding his misrepresentations to the probation officer regarding his identity and citizenship, he has clearly demonstrated his acceptance of responsibility for the offense with which he is charged by admitting his role in the offense to the police at the time of his arrest, by agreeing to cooperate with the government in any future

3

prosecutions and by timely indicating his willingness to plead guilty to the offense. U.S.S.G. § 3E1.1 (a).

Whether a defendant has accepted personal responsibility is a fact dominated issue on which the defendant bears the burden of proof. *United States v. Morillo,* 8 F. 3d 864, 871 (1st Cir. 1993). "Conduct resulting in an enhancement under 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may however be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G § 3E1.1, Application note 4. "Given the enhancement for obstruction of justice there is a "natural tension that arises between these two guidelines when a defendant obstructs justice, yet professes to accept responsibility. In such cases, the defendant faces an uphill, but not necessarily an impossible climb." *Untied States v. Talladino,* 38 F. 3d 1255, (1994)(Court granted two level decrease for acceptance of responsibility but erred by denying the additional one level, U.S.S.G. § 3E1.1 (b), due to obstruction of justice).

The defendant offered to plead guilty unconditionally, did so in a timely manner and spared the government trial preparation time. The court did not have to reserve trial calendar time. *United States v. Morillo,* 8 F. 3d 864, 872 (1st Cir. 1993). The defendant was willing to assist the government in the prosecution of others. The defendant's obstruction was not related to the offense conduct with respect to the pending indictment. Finally, the defendant acknowledged his obstructive conduct voluntarily and timely disclosed the same notwithstanding the likely consequence of his disclosures would be at a minimum, deportation from the United States.

4

Role in the Offense:

The defendant admittedly drove illegal aliens to drop-off points in various states after his departure from Houston, Texas. However, neither the defendant, nor his co-defendant arranged or participated in the original entry of these persons into the Untied States and neither individual obtained any funds from the aliens for their entry into the United States. The defendant was compensated strictly as a van driver. He was provided with a manifest and directed to drop the aliens off in accordance with that manifest. Monies he collected from the aliens were to be paid over to those responsible for recruiting the defendant as a driver. He did not own the vehicle in which the aliens were transported. His role in moving the aliens from one location to another within the United States, subsequent to their illegal entry, is markedly different from the conduct of the defendants in either *United States v. Pena-Guitterrez*, 222 F.3d 1080 (9th Cir. 2000)(defendant apprehended for the second time in two weeks smuggling aliens from Mexico over the border into the United States) and *United States v. Colon*, 220 F. 3d 48 (2d Cir. 2000)(defendant coordinated the smuggling scheme, housed smuggled aliens and was paid for her participation in conspiracy). It is respectfully submitted that the defendant played a minor role in this offense and is entitled to a downward adjustment of two levels.

Criminal History Category:

The defendant has a total of 2 criminal history category points establishing a CHC of II. The defendant submits that this CHC substantially overstates the seriousness of his criminal history or the likelihood that he will commit other crimes.

5

The Sentencing Commission recognized the inadequacies of the criminal history scoring system and encouraged departures when reliable evidence indicates that a defendant's criminal history category "substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." To qualify for this departure … the court does not have to find there is something atypical or unusual about the defendant's record." United States v. Woodley, 344 F. Supp. 2d 274, 277 (D. Mass. 2004). The court may consider a number of factors in determining if a defendant's criminal history category is overstated. In the instant case, the factors include the defendant's age at the time of the earlier offenses, the nature of the earlier offenses, and the absence of any intervening criminal conduct in the nearly ten years between the current offense.

Based on an analysis of these factors the defendant respectfully suggests that a downward departure to criminal history category I is warranted.

The defendant's total offense level, if the adjustments suggested herein are granted is calculated as follows:

| | |
|---|---|
| Base Offense Level: | 12 |
| Specific Offense Characteristics: | + 3 |
| Adjustment for Role in Offense: | - 2 |
| Adjustment for Obstruction: | + 2 |
| Acceptance of Responsibility | - 3 |
| Total Offense Level | 12 |

The guideline sentencing range in criminal history category I is 10-16 months and in category II is 12-18 months. The defendant has been in custody approximately thirteen months.

Respectfully submitted,
The Defendant, by his attorney

/s/ Edward P. Ryan Jr.
_____
Edward P. Ryan Jr.
O'Connor and Ryan, P.C.
61 Academy Street
Fitchburg, MA 01420
978-345-4166
BBO # 434960

September 27, 2005