UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                                     )
                                     )
     v.                          )        CRIMINAL NO. 04-10289-MLW
                                     )
                                     )
JOSE MARCILIO CAVAZOS, JR.,     )
a/k/a Mario Bustos,              )
            Defendant.      )

GOVERNMENT'S POSITION ON SENTENCING[1]

     The United States of America, by and through its attorneys, United States Attorney

Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, hereby submits its

position on the appropriate sentence for the defendant, taking into consideration the defendant's

"Sentencing Memorandum," filed with the court this day.  The government had not intended to

advocate the positions below (which, in effect, amount to an objection to the final revised PSR,

paragraph 20), but having seen that the defendant is (in his Memorandum) accepting the two-

level enhancement for obstruction (pursuant to U.S.S.G. § 3C1.1), the government believes the

following positions to be appropriate (and has so communicated this day to the Probation

Office).

Government's Recommendation

     The government files this in anticipation that the named defendant will plead guilty to the

charged offense conduct and that this court will accept that change of plea.  As a result, the

government expects to be in a position to make a sentencing recommendation to this court.  In

---

[1]The purpose of this statement of the Government's Position is to respond to the matters raised by the filing
this day of defendant "Cavazos's" "Sentencing Memorandum."

that event, the government will respectfully recommend to the court that it impose the following

sentence (through the application of the advisory United States Sentencing Guidelines):

1.   Eighteen months of imprisonment (low-end of the guideline range[2]).
2.   Three years of supervised release (with the special condition that the defendant
     not return to the United States without the express consent of the Secretary of the
     Department of Homeland Security and the other conditions typically imposed by
     the court).
3.   A fine at the low-end of the guideline range ($5,000), unless the court determines
     that the defendant is unable to pay a fine.
4.   Payment of the mandatory special assessment of $100.

Government's Rationale in Support of its Recommendation

As a preliminary matter, the government had no objections to the PreSentence Report

("PSR"). In today receiving written confirmation from the defendant (in his filing before this

court) that he fully accepts responsibility not only for his offense conduct but also for the

obstruction (and agrees to the corresponding two-level enhancement), the government believes

that a three-level reduction for acceptance of responsibility is warranted. In this matter, the

obstruction was serious, but perhaps other than ordinary and, as such, an occasion where both an

enhancement for obstruction is warranted AND a reduction for acceptance of responsibility is

also warranted (U.S.S.G. § 3E1.1, Application Note 4). While the government has been unable

to find a close parallel to the current matter in available case law, it believes that this particular

obstruction - while serious, as is reflected by the enhancement - should not impede a reduction

for acceptance of responsibility.

Upon arrest in this matter, the defendant (as well as his co-defendant) offered pertinent

---

[2]If the court determines that it should reduce by three points the offense level for Acceptance of
Responsibility under U.S.S.G. § 3E1.1, then the total offense level would be 14. Should the court determine that
such a reduction is in appropriate and that the correct total offense level is 17, then the government would advocate a
low-end sentence (27 months).

documents to law enforcement and immediately offered to enter into a cooperation agreement with the government through proffer(s). The agency of investigation (Immigration and Customs Enforcement or "ICE") believed that the substance of his proffered information was truthful and helpful and might well have resulted in further prosecutions (and may still) should another district (Southern District of Texas) be able to further pursue the information provided. In short, this defendant's cooperation and acceptance of responsibility seemed to occur in an extremely timely manner. The government certainly did not proceed to prepare for trial.

With regard to the obstruction, the government believes that the defendant's acceptance of the enhancement is important further indication of such acceptance of responsibility. The timing is also significant: it is occurring before the plea. Perhaps also noteworthy to the court, the government was aware of the possibility that the defendant may have not provided his true identifiers and communicated this concern to defense counsel. Nonetheless, the government could not substantiate this possibility - a fact which was also communicated to defense counsel. And yet, the defendant chose to come forward with his true identity despite the obvious cost to himself (the obstruction enhancement and a one-way trip to Mexico following release - rather than to Texas). While the government does not applaud his behavior, it believes the court should well note his owning up to his true identity as well as the offense conduct *prior* to the Rule 11.

The government opposes the defendant's motion for downward departure and believes that his criminal history category (II) does not overstate the seriousness of his criminal history or the likelihood that he will commit other crimes.

CONCLUSION

In summary, the government believes that application of the advisory guideline range is warranted and reasonable and that the defendant should be sentenced at the low-end of the guideline range, following a reduction in his offense level based on "acceptance of responsibility."

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Paul R. Moore
Paul R. Moore
Assistant U.S. Attorney

Dated: Sept. 27, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney for defendant JOSE MARCILIO CAVAZOS, JR., Edward P. Ryan, Esq., on September 27, 2005, via first class mail and that the substance of this statement was communicated through telephonic conversations with Mr. Ryan.

/s/ Paul R. Moore
Paul R. Moore
Assistant U.S. Attorney